## THE HUDSON RIVER BRIDGE COMPANY, APPELLANT, *v.* JOHN A. PATTERSON AND OTHERS, RESPONDENTS.

*Toll bridge — taxation of real estate of.*

The real estate of a toll bridge is subject to assessment and taxation in the town in which it is situated.

*Oswego Starch Company* v. *Dolloway* (21 N. Y., 452) followed, and *Utica Cotton Manufacturing Company* v. *Supervisors* (1 Barb. Ch., 447) overruled.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The referee found that plaintiff was a corporation duly created and organized by and under an act of the legislature of this State, passed April 9, 1856 (chap. 146, Laws of 1856); that under the authority conferred by said act, plaintiff had acquired title to lands in the town of Greenbush, in the county of Rensselaer, and had erected a bridge over and across the Hudson river, the westerly por-

tion of which is in the city and county of Albany, the easterly portion, from the center of the channel of the river to about low-water mark, is in the town of North Greenbush, Rensselaer county, and the residue or portion east of low-water mark is in the town of Greenbush aforesaid; that a portion of the lands owned by plaintiff in said town of Greenbush is used and occupied for and by the bridge 'and its approaches, but a portion of said lands is not so used. Plaintiff, when parts of lots were needed and required for the purpose of the bridge, purchased the whole of said lots, and whatever use was made of the parts of said lots not required for bridge purposes, if any, was separate and independent of the bridge; that up to the time of the assessment and taxation hereinafter set forth the said bridge had been used exclusively for passage over and across it of railroad trains; that there was no carriage or footway for the accommodation of the general public, and the passage of the bridge by persons on foot was forbidden to all except the servants and employes of the railroad companies whose trains crossed the bridge, and the only compensation for the use of the bridge was paid by the said railroad companies; that plaintiff received compensation from the said railroad companies, but under what agreement or how the amount of the compensation was fixed and determined did not appear; that the compensation so collected and received by plaintiff was paid to it at the office of its treasurer in the city of Albany; that on December 5, 1872, the defendants herein were the legally elected and acting trustees, and members of the board of education of a joint school district, formed partly of lands situate in said town of Greenbush, and partly of lands situate in said town of North Greenbush, known as "Union Free School District No. 6 of the town of North Greenbush, county of Rensselaer;" that as such trustees, and for the purpose of collecting a tax legally and properly voted, the said defendants made out an assessment list or tax roll, and annexed thereto their warrant in due form, directed to the collector of said school district, directing him to collect of the taxable inhabitants and corporations named, and of the owners of real estate described in said list, the several sums of tax carried out in the last column opposite each name and description; that there were described therein parts of the aforesaid lots belonging to the plaintiff; that defendant Dollar, under and by virtue of said

warrant, on or about June 4, 1873, levied upon a steam tugboat belonging to said plaintiff for the purpose of collecting the sums so carried out as tax upon said roll opposite the description of plaintiff's bridge and real estate as aforesaid, which tax had not been paid by plaintiff, or any item or portion thereof, and after having duly advertised the same, and on the 12th day of June, 1873, the said collector sold said tugboat at public auction for the purpose of collecting said tax.

*Matthew Hale*, for the appellant.

*Amasa J. Parker*, for the respondents.

*Per Curiam:*

We think the real estate of a toll-bridge should be assessed in the town in which it is situated. Such is the rule in regard to all incorporated companies (1 R. S., 389, § 6), and we do not think the concluding clause of that section was intended to create a different rule in regard to toll-bridges. We think that clause refers to the place of taxation of the personal property, and to that only. There is no apparent reason why a different mode of assessment should prevail in case of toll-bridges. The views of the chancellor in *Utica Cotton Manufacturing Company* v. *Supervisors* (1 Barb. Ch., 447), and of Judge DENIO in *Oswego Starch Company* v. *Dolloway* (21 N. Y., 452) on this subject are in direct conflict, and both are *obiter*. We prefer to follow Judge DENIO. In chapter 259, Laws of 1848, section 14 (3 Edm. St., 571) the legislature has so declared the law as to all bridges built under that act. It seems to be some confirmation of our view, since it would be very extraordinary to have one rule of taxation for bridges built under that act and a different rule for all other bridges.

In all other respects we concur in the views of the learned referee as expressed in his opinion. This bridge is not a toll-bridge within the meaning and intent of the statute. The lands in Greenbush, not used or necessary for the construction or maintenance of the bridge, were liable to assessment and taxation in the same manner and to the same extent that a farm, or store, or house and lot owned by the company would be assessed and taxed. The migration of the

treasurer, the removal of the toll-house or the principal business office from one side of a stream to the other, or from one town to another, would not and ought not to carry along the right of taxation of the houses, lots or vacant real estate.

This suit is brought to determine the question where the real estate of the plaintiff should be taxed. It is important that its right in that respect should be authoritatively declared, so that double taxation by conflicting powers claiming jurisdiction should not embarrass and do injustice. We have, therefore, preferred to put our decision upon the broad basis of absolute right to tax the real estate in the town or ward where situated. If we shall be sustained upon appeal to the Court of Appeals, that will be an end of all doubt and uncertainty.

For the reasons given the judgment should be affirmed, with costs.

Present — BOCKES and BOARDMAN, JJ.; LEARNED, P. J., taking no part.

Judgment affirmed, with costs.